# Riddle *v.* The State.

### *Indictment for Assault and Battery.*

1. *Proof of venue.* — Where the bill of exceptions, in a criminal case, purports to set out all the evidence, and does not show that the venue was proved, the judgment of conviction will be reversed.

2. *Admissibility of prisoner's declarations, as part of res gestœ.* — In a case of assault and battery, a remark made by the defendant to the person assaulted, immediately after striking the blow, "If I had known you were a one-legged man, I would not have struck you," is competent evidence for the defendant as a part of the *res gestœ*, and tending to mitigate the punishment.

3. *Assault and battery ; being struck first no defence.* — That the prosecutor struck the first blow is no defence to a prosecution for assault and battery.

FROM the City Court of Eufaula.
Tried before the Hon. E. M. KEILS.

[Levy v. State.]

S. B. Toney & S. H. Dent, for the prisoner.

Ben. Gardner, Attorney General, for the State.

B. F. SAFFOLD, J. — The indictment was for assault and battery. It does not appear from the bill of exceptions, which professes to set out all of the evidence, that the offence was proved to have been committed in Barbour County. Section 4114 of the Revised Code enacts : " It is not necessary to allege where the offence was committed ; but it must be proved on the trial to have been committed within the jurisdiction of the county in which the indictment is preferred." We cannot gainsay the recitals of the bill of exceptions, and a conviction on testimony less than sufficient to make out the case against the accused is necessarily erroneous. Brick. Dig. p. 514.

2. The remark of the accused to the person beaten, " If I had known you were a one-legged man, I would not have struck you," made as soon as the blow was given, was a part of the *res gestæ*, and admissible evidence, tending to affect the punishment to be imposed.

3. It is difficult to say what the law is in this State respecting the justification of an assault and battery. Rev. Code, § 4198, makes opprobrious words or abusive language a justification, as the jury may determine. But if the person to whom such language is addressed cannot beat the other, it goes for nothing. Merely being struck first is not a justification, for then we could not have a case of affray. Generally, the facts convey a correct impression to the jury of the degree of blame to be attached to the offender.

The judgment is reversed, and the cause remanded.